IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LENNIE FULWOOD,

    Plaintiff,

v.                                         CASE NO.: 4:12cv156-SPM/CAS

FEDERAL BUREAU OF PRISONS,
et al.

    Defendants.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

Pending before the Court is Plaintiff Lennie Fulwood's Motion for Reconsideration by the District Judge (doc. 21). The motion challenges the magistrate judge's order (doc. 20) directing Plaintiff to file a third amended complaint. The motion will be reviewed in accordance with Federal Rule of Civil Procedure 72(a) and Title 28, United States Code, Section 636(b)(1).

A district court judge may reconsider pretrial matters that have been referred to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A). Under this standard, the court will affirm the magistrate judge's order unless the court has a definite and firm conviction that error has occurred. See Linea Navira De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A., 169 F.Supp.2d

1341, 1355 (M.D. Fla. 2001).

Upon review, the Court finds no reason to modify or set aside the magistrate judge's order. There are two main problems with Plaintiff's second amended complaint. First, he attempts to allege a broad retaliation claim involving multiple acts of retaliation committed by ten different defendants, but he does not adequately allege how each act of each defendant was subjectively motivated by a desire to punish Plaintiff for seeking to file a grievance. See Smith v. Mosley, 532 F.3d 1270, 1276, 1278 (11th Cir. 2008) (to establish a causal relationship between the retaliatory action and the protected speech, a plaintiff must establish that the defendant's subjective motivation was to discipline the plaintiff for the protected speech). As noted in the magistrate judge's previous order (doc. 16), Plaintiff "must come forward with more than 'general attacks' upon a defendant's motivations and must produce 'affirmative evidence' of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite intent." Doc. 16 at 2. Plaintiff's allegations against many of the defendants fall short of the mark.

Second, in addition to the broad retaliation claim, Plaintiff makes other claims but it is unclear whether he intends to proceed with these as stand alone claims as opposed to just being instances of retaliation in support of his retaliation claim. As stand alone claims, the magistrate judge's previous order explained why they are insufficient. See doc. 16 at 3 (inadequate clothing), at 3-6 (medical care for tooth and bumps), at 6-7 (access to law library).

Plaintiff should carefully review the magistrate judge's previous orders. If he intends to pursue a broad retaliation claim, he should take care to allege facts to show a retaliatory motive for each defendant and for each act of alleged retaliation. If Plaintiff intends to pursue stand alone claims regarding inadequate clothing, medical care, access to the law library, disciplinary proceedings, moldy cell, etc., Plaintiff is advised that unrelated claims against different defendants cannot be joined in a single complaint. He should consider filing separate complaints and consider the elements of each claim against each defendant.

Having found no error in the magistrate judge's ruling, it is

ORDERED AND ADJUDGED:

1. The magistrate judge's order (doc. 20) is affirmed and accepted by this Court.

2. Plaintiff's Motion for Reconsideration by the District Judge (doc. 21) is denied.

3. Plaintiff shall have up to and including November 16, 2012 to file a third amended civil rights complaint.

4. This case is referred to the magistrate judge for further proceedings.

DONE AND ORDERED this 25th day of October, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 4:12cv156-SPM/CAS