**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**LENNIE FULWOOD,**

      **Plaintiff,**

**vs.**                              **Case No. 4:12cv156-SPM/CAS**

**CHARLES E. SAMUEL, JR.,**
**et al.,**

      **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

      Plaintiff, a pro se federal prisoner, has filed a fourth amended civil rights complaint against ten Defendants pursuant to Bivens. Doc. 29. Despite several court orders which have required Plaintiff to bring only one claim in this complaint as directed on the civil rights complaint form, docs. 16, 20, 24, and 27,[1] Plaintiff has continued to bring numerous unrelated claims together in one complaint. As Plaintiff has failed to comply with court orders to limit his amended complaint to one basic incident or issue, this report and recommendation is entered to do so for Plaintiff.

_____

      [1] Plaintiff's appeal of the Order directing him to amend his complaint and limit his claims was upheld by the assigned District Judge. Docs. 21 and 24.

During the relevant times of this case, Plaintiff was confined at the Federal Detention Center in Tallahassee, Florida.  Doc. 29.  At the outset of the complaint, Plaintiff alleges claims against the Regional Director, Warden, and Assistant Warden for their failure to take corrective action when Plaintiff allegedly notified them of certain misconduct.  Those officials are not alleged to be involved in the incidents about which Plaintiff complains and, thus, they are necessarily sued in their supervisory capacity only.  As Plaintiff has been advised previously, that is not sufficient.

Responding to a grievance by denying or rejecting it is not a basis for a civil rights claim.  Raske v. Dugger, 819 F. Supp. 1046 (M.D. Fla. 1993).  Thus, to the degree Plaintiff seeks to bring suit against the Warden, Assistant Warden, and Regional Director, it must necessarily be premised upon their actions, or failure to take a desired action, after receipt of Plaintiff's grievance.  The failure to respond as Plaintiff would like to a grievance or appeal does not violate Plaintiff's constitutional rights.  Prison officials cannot be named as defendants in a civil rights case merely because he or she has supervisory authority over others.  The doctrine of *respondeat superior* does not provide a basis for recovery.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Rather, a plaintiff must name as defendants only those persons who were personally involved or participated in the events at issue, or who are responsible for creating a policy or procedure that caused the constitutional deprivation.  In short, there must be some causal connection between each defendant named and the injury allegedly sustained, but that connection must be more than the fact that a named defendant has a supervisory role over another.  One cannot be held liable for the

actions or omissions of others but can only be held responsible if he participated in the deprivation of a plaintiff's constitutional rights. Plaintiff has not alleged any facts which show that the Regional Director, Warden, or Assistant Manager created any policy which was followed and caused Plaintiff harm. None of these Defendants are alleged to have personally had any interaction with Plaintiff. Therefore, Plaintiff's fourth amended complaint should be dismissed as to Charles Samuels, Jr., the Regional Director, Thomas Kane, Acting Director of the Bureau of Prisons, W.T. Taylor, the former Warden of the Federal Detention Center, or Assistant Warden Pedronia.

Plaintiff has alleged that Defendant Arnold denied Plaintiff forms so that he could not submit grievances and then threatened Plaintiff if he continued to seek to file grievances. Plaintiff further alleged that Defendant Pritt also refused to provide Plaintiff with "remedy forms" so that Plaintiff could submit grievances. Because allegations that a prison official hindered a prisoner's ability to grieve an issue, or sought to thwart an inmate's grievances, might be found to violate the First Amendment, these related claims can proceed.

Plaintiff's only allegation against Defendant Henson is that when Plaintiff objected to Arnold's instruction to work, he told Plaintiff that if he failed to work as directed, he would be placed in the "SHU" (special housing unit). Plaintiff also alleged that Defendant Henson failed to respond to several of Plaintiff's "cop-outs" and letters. Those claims are insufficient to show that Defendant Henson violated Plaintiff's rights and Defendant Henson should be dismissed from this case as well. A prisoner has no constitutional right to responses to letters or grievances.

Plaintiff has attempted to allege that Defendant Arnold "singled out" Plaintiff and caused him to suffer discriminatory treatment. Plaintiff claims he was punished more severely than other prisoners. It is possible that one prisoner's repeated violation of prison rules may create different treatment for the same rule infraction. Whether that is true in Plaintiff's case or not, it is true that Plaintiff has not alleged any constitutional basis for dissimilar treatment. The Constitution does not require that all prisoners be treated equally, only that one identifiable group of prisoners not be treated adversely because of a constitutionally protected reason. Put another way, Plaintiff is not entitled to the same punishment as was given to another prisoner, but he may not be given more harsh treatment simply because of Plaintiff's race, gender, religion, or some other protected status. While Plaintiff has alleged different treatment, he has not alleged that such treatment was due to any constitutionally protected status. Thus, this claim is insufficient as well and must be dismissed.

Furthermore, Plaintiff was directed to omit claims for allegedly false disciplinary reports on the basis that Plaintiff refused to comply with orders. Plaintiff has still retained such claims in the fourth amended complaint. A prisoner may not refuse to obey an order given by staff, whether to return a food tray, perform work, be assigned to a cell with another prisoner, or some other directive. Thus, Plaintiff's claims concerning such disciplinary reports must be dismissed.

Plaintiff has also attempted to bring claims for the denial of medical care. Such a claim is a separate and distinct claim and does not involve Defendants Arnold or or Pritt. While a plaintiff may join as many related claims as he has against one defendant, a plaintiff may not join in the same action every claim against every prison official in one

case.  This case may proceed on Plaintiff's First Amendment claim, but Plaintiff should be required to bring a separate cause of action concerning the alleged denial of medical care which, necessarily, is brought against different Defendants.

Moreover, Plaintiff may not complain about conditions in the SHU in this case either.  He alleges there was mold, mildew, and no heat or ventilation, and that he was subjected to temperatures below 50°, but Plaintiff does not allege which Defendant is responsible for those conditions, nor is it clear that such conditions are "cruel and unusual punishment."  Should Plaintiff desire to pursue such claims, wherein he names the persons responsible for the conditions, identifies any harm he suffered, and has exhausted administrative remedies for such a claim, Plaintiff may bring those allegations in a separate action.  As alleged, Plaintiff does not provide any facts which show that Defendants Arnold or Pritt were responsible for such conditions and the claim must be dismissed.

Plaintiff's claim against Defendant Wagner for packing Plaintiff's property is insufficient as well.  A prisoner has no constitutional right to pack his own property before being moved from a cell or housing unit.

Finally, Plaintiff indicates that he desires to bring this case as a class action because other unidentified inmates "have been treated cruelly in regards to specific aspects of this complaint."  Doc. 29 at 11.  A prerequisite for class action certification is a finding by the Court that the representative party or parties can "fairly and adequately protect the interest of the class."  FED. R. CIV. P. 23(a)(4).  It is well established, however, that a pro se plaintiff "cannot be an adequate class representative."  Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978), *citing* Oxendine v. Williams, 509 F.2d

1405, 1407 (4th Cir. 1975). "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Oxendine, 509 F.2d at 1407, *quoted in* Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* Hussein v. Sheraton New York Hotel, 100 F. Supp. 2d 203, 205-06 (S.D.N.Y. 2000); Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1343-44 (D. Kan. 2000). Thus, Plaintiff's request for this case to proceed as a class action must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, doc. 29, be **DISMISSED** as to all claims accept Plaintiff's First Amendment claims against Defendants Arnold and Pritt, that Plaintiff's request for this case to proceed as a class action suit, doc. 29, be **DENIED**, that Plaintiff be **ORDERED** to submit a first amended complaint limited to his First Amendment claims against Defendants Arnold and Pritt, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 9, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**